FILED
SUPERIOR COURT
OF GUAM

2020 MAY 13 PH 3: 47

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM,<br><br>                  Plaintiff,<br><br>     vs.<br><br>ALFRED RUBEN,<br>DOB: 11/20/2002,<br><br>               Defendant. | Criminal Case No.: CF0551-19<br><br>**DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR TRANSFER TO FAMILY COURT** |

### Introduction

This matter came before the Honorable Maria T. Cenzon on February 26, 2020, for a hearing on Defendant Alfred Ruben's ("Defendant") Motion for Transfer to Family Court (the "Motion"). Assistant Public Defender William Bischoff was present on behalf of Defendant. Assistant Attorney General Alysa Draper-Dehart represented the People of Guam ("People"). The People did not object to the Motion at the hearing. After the hearing, the Court took the Motion under advisement pursuant to CVR 7.1(e)(6)(D) of the Local Rules of the Superior Court of Guam. After having received and reviewed the papers, arguments and the file herein, the Court issues the following Decision and Order **GRANTING** the Motion.

### Background

The People filed an Indictment on October 22, 2019, charging Defendant with Theft By Receiving Stolen Property (As a Second Degree Felony) in violation of 9 G.C.A. §§ 43.20(a)

and 43.50(a), as amended and Eluding a Police Officer (As a Misdemeanor) as a violation of 16 G.C.A. § 33.01(a) and (c). The Indictment alleges that on or about October 7, 2019, Defendant intentionally received, retained, and disposed of an automobile belonging to Breanna Maria Toves or Joseph T. Castro while knowing that it had been stolen or believing that it had probably been stolen. The Indictment also alleges that on or about October 7, 2019, while being pursued by uniformed Guam Police Officers ("Officers") in marked police vehicles, Defendant eluded the Officers by failing and refusing to stop when signaled to do so by siren and lights mounted on the Officers marked police cars.

Defendant filed his Motion on January 8, 2020. The People set forth its non-opposition in the People's Non-Opposition to Motion for Transfer to Family Court filed January 22, 2020; however, the Court is .

### Discussion

Guam law provides the relevant law for transferring the complaint or indictment to the jurisdiction of the Family Court. 19 G.C.A. § 5106(d). Such a transfer shall be made upon "a finding on clear and convincing evidence that the best interest of the minor would be amenable to the care, treatment, and training programs available through the facilities of the juvenile court." *Id*. The Court is instructed to consider the following factors:

  (1) the age of the minor;
  (2) the history of the minor, including:
      (A) any previous delinquent or criminal history of the minor;
      (B) any previous abuse or neglect history of the minor; and
      (C) any mental health, physical or educational history of the minor, or a
          combination of these factors;
  (3) the circumstances of the offense, including:
      (A) the seriousness of the offense;
      (B) whether the minor is charged through accountability;
      (C) whether there is evidence the offense was committed in an aggressive and
          premeditated manner;
      (D) whether there is evidence the offense caused seriously bodily harm; and
      (E) whether there is evidence the minor possessed a deadly weapon;

(4) the advantages of treatment within the juvenile justice system, including, whether there are facilities or programs, or both, particularly available in the juvenile system;

(5) whether the security of the public requires sentencing under Title 9, Chapter 80 of the Guam Code Annotated;

(6) the minor's history of services, including the minor's willingness to participate meaningfully in available services;

(7) whether there is a reasonable likelihood that the minor can be rehabilitated before the expiration of the juvenile court's jurisdiction; and

(8) the adequacy of the punishment or services.

*Id.* Guam law also emphasizes that "the court shall give greater weight to the seriousness of the alleged offense and the minor's prior record of delinquency than to the other factors listed..." *Id.*

Defendant argues the Court still has the ability to transfer this matter to the Family Court. Defendant seeks the transfer in order to enter adulthood without having attained the status of a convicted felon. Moreover, Defendant argues that imputing that status to him "will make him more likely to be denied employment and other opportunities through life." Mot. for Transfer to Family Court, p. 1 (Jan. 8, 2020). An analysis of the factors described in 19 G.C.A. § 5106(d) is discussed below.

1. Age of Defendant

Defendant was sixteen (16) years old at the time he is alleged to have committed the crime charged and is thus eligible under 19 G.C.A. § 5106 to have his case considered for transfer to the Family Court.

2. History of Defendant

Defendant has five prior juvenile cases that are all closed.[1] Defendant has one active juvenile case and had one juvenile case dismissed by the Honorable Michael J. Bordallo.[2]

---

[1] The Court takes judicial notice of Defendant's prior juvenile delinquency matters; however, in order to comply with the provisions of the Family Court Act, does not identify them here. See, Title 19, Guam Code Annotated, Chapter 5.

Defendant does not have any history of previous abuse or neglect or any mental health, physical, or educational issues.

Defendant was a previous resident of Sanctuary but was expelled on January 7, 2020, due to the pendency of this case. Ms. Borja, Defendant's case worker at the Guam Department of Youth Affairs ("DYA"), states that Defendant is generally well behaved and that DYA is a beneficial environment for Defendant. Ms. Borja considers Defendant a good candidate for the services provided for juveniles at DYA.

3. Circumstances of the offense

The incident alleged involves the charges of theft by receiving a stolen vehicle and eluding a police officer. Defendant claims the stolen vehicle was brought to his home by his friends. Defendant admitted that he was operating the stolen vehicle and knowingly failed to stop when the Officers attempted to pull him over. The offenses were not committed in an aggressive or premeditated manner nor did it cause serious bodily harm. Defendant was not in possession of a deadly weapon during the alleged incident in this matter.

4. Advantages of treatment within the juvenile system

The Family Court has the ability to provide the supervision and treatment available under the juvenile system as well as adequate resources to both punish and service Defendant. Defendant would be able to continue his high school education with the Department of Youth Affairs, and participate in meaningful services granted by the Family Court.

//

//

---

[2] JD0132-18: Burglary (As a 2nd Degree Felony). Defendant is still on probation in this matter and is currently attending New Beginnings for Drug and Alcohol counseling.
JD0074-19: Underage Consumption of Alcohol (As a Petty Misdemeanor). Case was dismissed on May 14, 2019.

**5. Security of the public**

"In most serious category of cases, the public sense of security and justice require an assurance that a dangerous offender, or one who has committed a serious crime cannot within a short time be released." *See* Comment on 9 G.C.A. § 80.30. Although the Court is aware that Defendant has a prior history of thefts and burglaries as a minor, the Court recognizes that Defendant does not have any history of violence towards other individuals and does not appear to be a flight risk. The Court also recognizes that Defendant is currently on pre-trial release for this matter and no violations have been filed by the Adult Probation Services.

**6. Minor's history of services**

Defendant is currently receiving services in JD0132-18. He is attending New Beginnings for Drug and Alcohol counseling and, as of the filing of the Motion and hearing before the Court, continues to report as ordered. Defendant's affirmations within the Motion demonstrate his willingness to meaningfully participate in available services. Defendant was a prior resident of Sanctuary, but due to the pendency of this case he was expelled on January 7, 2020. It is anticipated that he might be able to continue services through Sanctuary if transferred to the Family Court.

**7. Minor's rehabilitation before expiration of juvenile court's jurisdiction**

19 G.C.A. § 5105 allows continuing jurisdiction of the Family Court until the age of eighteen (18) or twenty-one (21), depending on the circumstances. If so, the Family Court will have jurisdiction of Defendant until November 22, 2020, or November 22, 2023.

The Court believes that Defendant can be rehabilitated before the expiration of the Family Court's jurisdiction. While Defendant is currently receiving services, they are not targeted towards the specific behavior in the current matter. Based on Defendant's affirmations in his Motion and his written statement filed on March 5, 2020, the Court believes

Defendant understands the serious nature of his conduct. The Court further believes that if Defendant takes advantage of the services provided by the Family Court, he can be rehabilitated, and continue to pursue his goals in life without the taint of being a convicted felon.

### 8. Adequacy of punishment or services

The most serious offense charged in this case is a felony in the second degree. If convicted, Defendant would be sentenced pursuant to 9 G.C.A. § 80.30 and could be sentenced to three (3) to ten (10) years of imprisonment.

Based on the factors above, the Court finds that disposition in this matter under the Family Court is in the best interest of the minor. As directed by the statue, the Court gives greater weight to the seriousness of the offense and Defendant's prior record of delinquency. Although the Court recognizes the seriousness of the offenses charged and Defendant's extensive record as a minor, this is the first matter in which he is charged as an adult.

The Court finds that Defendant's willingness to participate in the services of the Family Court, his progress in the DYA and Sanctuary programs, and Ms. Borja's statements suggests that Defendant is not past the point of rehabilitation. As such, the Court holds that a transfer to the Family Court is appropriate.

//

//

//

//

## Conclusion

Based upon the Court's findings of clear and convincing evidence that transferring this case to the Family Court would be in Defendant's best interest, the Court hereby **GRANTS** Defendant's Motion. The People shall dismiss this criminal case, and file a juvenile delinquency case within thirty (30) days of the issuance of this Order unless otherwise extended by this Court or by intervening Administrative Order of the Courts.

**SO ORDERED** this_____MAY 1 3 2020_____

**HONORABLE MARIA T. CENZON**
**Judge, Superior Court of Guam**